# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **KELLY GAMBLE,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:16CV00114 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | By: James P. Jones |
| ) | United States District Judge |
| Respondent. ) | |

    The petitioner, Kelly Gamble, an inmate at the United States Penitentiary in Lee County, Virginia, filed this action, pro se, as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Gamble alleges that he should be resentenced, because his federal criminal sentence is unlawful under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Upon review of the record, I conclude that Gamble's claim for relief under § 2241 in this court is appropriately construed as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, and transferred to the sentencing court.

    Gamble was convicted in 2010 in the United States District Court for South Carolina on one count of possession of cocaine base with intent to distribute and was sentenced to 151 months in prison. He did not appeal or file a prior § 2255 motion. Gamble now petitions this court under § 2241 for habeas corpus relief under the *Johnson* decision, which held that imposing an increased sentence under

the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process.

As stated, Gamble's claim challenges the legality of his federal sentence as imposed. Such claims must normally be raised on appeal or in a § 2255 motion in the sentencing court. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Petitioner's § 2241 petition raising such claims is barred unless it meets the stringent standard mandated under the *Jones* decision. *Id*. at 333-34 (finding that challenge to federal conviction is barred from review under § 2241 absent a showing that under a post-conviction change in the law, petitioner's offense conduct is no longer criminal). Because the *Johnson* decision had no effect on the criminality of Gamble's offense conduct, he cannot proceed with his claim under § 2241. Therefore, I will construe Gamble's submission as a § 2255 motion and transfer it to the United States District Court for South Carolina for further proceedings in light of the *Johnson* decision.

A separate Final Order will be entered herewith.

DATED: March 21, 2016

/s/  James P. Jones
United States District Judge